IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNIE WINSLOW, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>THE CITY OF OAKLAND, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-01510-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

　　　　On February 28, 2020, Ernie Winslow and Michelle Bostamonte, who were experiencing homelessness and residing at the High Street encampment in Oakland, sued the City of Oakland, the Oakland Department of Public Works, the Oakland Police Department, Oakland Mayor Libby Schaaf, Oakland's Assistant to the City Administrator Joe DeVries, and ten Doe defendants. See Motion for TRO (dkt. 5). Plaintiffs sought a Temporary Restraining Order enjoining Defendants from removing them and their property, "or taking any such action without following Defendants' own stated polices governing the removal of encampments." See Order granting TRO (dkt. 11) at 1. The Court ordered that the City could clean and clear the High Street encampment, but only if it complied with its stated policies. Id. at 8. On March 17, 2020, the Court dissolved the TRO after Defendants represented that they had closed the High Street encampment and complied with their policies while doing so. See Order Dissolving TRO (dkt. 15) at 1.

　　　　On October 16, 2020, Defendants moved to dismiss the case for lack of jurisdiction, arguing that Plaintiffs' "allegations about what might occur at the City's February-March intervention at the High Street encampment, and the validity of the City's related policy and procedures as used in that intervention, are now . . . moot." Motion to Dismiss (dkt.

24) at 2. Under Civil Local Rule 7-3(a), Plaintiffs' opposition was due October 30, 2020. Plaintiffs did not file an opposition. On November 9, 2020, the Court ordered Plaintiffs to show cause why the case should not be dismissed as moot and for failure to prosecute. Plaintiffs' response was due November 23, 2020. Plaintiffs did not file a response.

The Court now dismisses Plaintiffs' case for lack of jurisdiction. "Mootness is jurisdictional." Tur v. YouTube, Inc., 562 F.3d 1212, 1214 (9th Cir. 2009). And "[t]he basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Id. (citation omitted). Defendants' Motion to Dismiss correctly points out that Plaintiffs' allegations are unrelated to any present case or controversy. And in failing to respond, Plaintiffs give the Court no reason to conclude otherwise. Because the Court lacks jurisdiction, it must dismiss Plaintiffs' claims.[1]

**IT IS SO ORDERED.**

Dated: November 24, 2020

CHARLES R. BREYER
United States District Judge

---

[1] The Court would also dismiss Plaintiffs' claims for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. See Henderson v. Duncan, 79 F.2d 1421, 1423 (9th Cir. 1986). By failing to respond to the Motion to Dismiss and the Order to Show Cause, Plaintiffs have delayed efficient resolution of this litigation and wasted the Court's resources. The delay has prejudiced Defendants, and the Court's Order to Show Cause already warned Plaintiffs about potential dismissal for failure to prosecute.